UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
AMERICAN BUILDERS & CONTRACTORS      :
SUPPLY, CO., d/b/a ABC Supply Co.,             :   Case No. 1:20-cv-4409 (LGS)
                                                                         :
            Plaintiff,                                  :   **ADDENDUM TO THE**
                                                                         :   **CIVIL CASE**
   – v. –                                                    :   **MANAGEMENT PLAN**
                                                                         :   **AND SCHEDULING**
VIGILANT INSURANCE COMPANY,            :   **ORDER**
NEELAM CONSTRUCTION CORPORATION, :
DIMITRI ENTERPRISES, INC., and              :
DIMITRIOS MASTORAKIS,                         :
                                                                         :
            Defendant.                                :
------------------------------------------------------------ x

**Schofield, J.**

The plaintiff American Builders & Contractors Supply, Co., and the defendants Vigilant Insurance Company, Neelam Construction Corporation, Dimitri Enterprises, Inc., and Dimitrios Mastorakis (collectively, the "Parties"), submit these additional recommendations to the joint civil case discovery plan and proposed scheduling order:

    1. **Rule 26(f)(3)(C): Issues Regarding ESI**

ESI may be produced in PDF format provided its production replicates exactly the readable content of the native format.  A requesting party should be permitted to obtain ESI in another format only upon agreement or a showing of good cause to the Court for such information in that format.

The Parties (meaning all parties to this action) should warrant and represent that no ESI created on or after January 1, 2017 that could be discoverable in this action or could relate to the enforcement of any judgment in this action has been discarded or rendered inaccessible.  If the Parties learn that potentially relevant emails or other ESI have been deleted, discarded, or rendered inaccessible, the Parties should notify one another immediately in writing.  The undersigned counsel should have informed the Parties of their obligation to preserve all potentially relevant evidence, including, but not limited to, ESI.

    2. **Rule 26(f)(3)(D): Issues Concerning Claims of Privilege**

       2.1.    To claw back discovery material protected from disclosure under the attorney-

client privilege, work product doctrine, and/or any other applicable privilege or immunity that was produced inadvertently ("Privileged Material"), the producing party must provide notice in writing to all parties identifying the Privileged Material it wishes to claw back, and the basis of the claim of privilege.

2.2. Upon such notice being provided, the other parties shall promptly undertake reasonable efforts to return to the producing party or destroy all summaries or copies of the Privileged Material, shall provide notice in writing that they have undertaken reasonable efforts to return or destroy such material, and shall not use such materials for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within ten (10) business days of the claw-back claim by the producing party. Within twenty-one (21) business days of the notification that reasonable efforts have been taken to return or destroy the disclosed materials, the producing party shall produce a privilege log with respect to the disclosed materials. The return of any discovery material to the producing party shall not in any way preclude the other parties from moving the Court for a ruling that the disclosed information was never privileged; however, the other parties may not assert as a basis for the relief sought the fact or circumstance that such information has already been produced. Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over its status.

2.3. If, during a deposition, a party claims that material being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) is Privileged Material, the party may at its sole election (a) allow the material to be used in the deposition without waiver of its claim of privilege, or (b) instruct the witness not to answer questions concerning the material pending a prompt resolution of any disagreement concerning the material's privileged status. If the party allows the examination concerning the material to proceed on a non-waiver basis, the Parties will sequester all copies of the purportedly Privileged Material. Within 5 business days after the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in paragraph 4.1. Until the dispute is resolved, all parties and any other persons who have access to the transcript of such deposition shall treat that transcript as confidential. If any party instructs the witness not to answer questions concerning the material, the Parties will then cooperate in promptly submitting the issue of the material's

status to the Court.  If the material is ultimately determined not to be privileged or subject to other protection, the party or entity asserting the claim of privilege will be responsible for ensuring that the deposing party is given an opportunity to depose the witness about the material, which in the case of party-witnesses (or their current employees) or any former employees of a party who are represented by counsel for such party shall be within thirty (30) calendar days of said determination, and in the case of other non-party witnesses shall be at the earliest practicable time for the witness and its counsel.  This paragraph shall not limit any party's right to seek sanctions under Rule 37 in relation to rescheduling a deposition.

        2.4.    In order to facilitate expeditious production of voluminous materials, a producing party may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies.  If a party at any time notifies any other party that it, for any reason, disclosed Privileged Material, or another party discovers such disclosure (in which case the receiving party shall give the producing party prompt notice), the disclosure shall not be deemed a waiver – in this action or in any other proceeding, including in federal or state proceedings – of any applicable privilege or protection.

       **3.    Rule 26(f)(3)(E): <u>Changes to Limitations on Discovery</u>**

       **(i).    Requests for Admission**

The Parties should agree that after the discovery cutoff date Requests for Admission used solely to authenticate documents may be served by email and/or overnight delivery up to fourteen calendar days before trial, with responses to be served by email and/or overnight delivery on the earlier of: (i) seven calendar days after service; or (ii) ten calendar days before trial.

The Parties should further agree that in the event a party unreasonably fails to timely make an admission pursuant to Fed. R. Civ. P. 37(c)(2) and the terms of this Joint Status Report, and absent proof of a greater expense incurred, $600 will be deemed to be the reasonable expense of making each proof that a document is genuine or a matter is true, and such expenses will be awardable upon motion, regardless of the outcome of trial.

       **(ii).    Depositions**

Notwithstanding anything to the contrary in Fed. R. Civ. P. 30, the Parties may take a total of 10 depositions each (including party and non-party depositions) with each deposition

running up to 7 hours.  This limitation should be without prejudice to the Parties' rights to seek leave of Court to conduct more than the aforementioned number of depositions, or to depose the same deponent more than once, pursuant to Fed. R. Civ. P. 30(a)(2).

In addition, depositions should be conducted in accordance with the following procedures:

1. At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the deposition. The witness shall comply with these instructions and counsel to the witness shall ensure such compliance.

2. All objections, except those which would be waived if not made at the deposition under Federal Rule of Civil Procedure 32(d)(3)(B) and those necessary to assert a privilege, enforce a limitation on evidence directed by the court, or to present a motion under Federal Rule of Civil Procedure 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.

3. Counsel shall not direct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

4. Counsel shall not make objections or statements which might suggest an answer to a witness.  Without limitation to the foregoing, speaking objections are prohibited.

5. Counsels' statements when making objections shall be succinct and verbally economical, stating the basis of the objection and nothing more, *e.g.*, "objection, asked and answered;" "objection, vague."

6. Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

7. Any conferences which occur pursuant to, or in violation of, the preceding paragraph are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

8. Any conferences which occur pursuant to, or in violation of, paragraph 6 shall be noted on the record by the counsel who participated in the conference.  The purpose and outcome of the conference shall also be noted on the record.
9. Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition.  The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness.  The Parties may use technology allowing the use of PDF documents and exhibits at depositions, such as eDepoze.  The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.
10. Any party may choose to depose another party using video-conferencing software such as Skype or Zoom, rather than doing so in-person, by specifically requesting a deposition using video-conferencing software in the notice of deposition.
11. The Plaintiff should take number 1 – 200 for their deposition exhibits and the Defendants should take numbers 201 upwards.  The Parties should retain the same exhibit numbers for trial as were used during depositions.  All documents produced during discovery should be bates-numbered by the producing party.

4. **Rule 26(f)(3)(F): <u>Other Orders</u>**

Within 10 days of the receipt of the relevant discovery request, any party that believes information of a commercially sensitive or confidential nature is sought should circulate a stipulation concerning a proposed protective order to be entered by the Court (the "Protective Order") or all confidentiality and privacy objections will be waived.  Within 10 days thereafter, the Protective Order should be submitted to the Court for approval.  If the Parties cannot agree on the form of the Protective Order, they should each submit proposed orders to the Court, along with a single redline showing the points of disagreement.

The Parties should not instruct a witness not to answer a question at a deposition on the grounds the question seeks commercially sensitive or confidential information.  Instead, if not already done, the party asserting confidentiality will circulate a stipulation for a proposed protective order to maintain the confidentiality of the deposition within five (5) days after the deposition is completed.

**7.      Other Issues**

The Parties should agree that all interlocutory papers not served through the Court's CM/ECF system, including but not limited to motion papers, discovery requests, discovery objections/responses, and trial subpoenas to parties (and their officers, directors, employees, and persons acting at their direction or under their control), should be served by email.

Documents responsive to discovery requests should be served *via* email, FTP, Google Drive, Dropbox, or a similar file sharing system. Service of all papers should be deemed effective when sent to the email addresses of counsel as they appear on the Court's docket.

Unless different dates or procedures are selected by the Court, the provisions of this Joint Status Report should be binding stipulations as between the Parties.

The Parties' counsels should agree to cooperate with each other in good faith in all discovery-related matters. Absent emergencies and vacations of counsel or their clients, all informal requests for cooperation relating to discovery should be responded to within 2 business days.

Without limitation to any other remedies under the Federal Rules of Civil Procedure, if any party intends to call as a witness for trial someone who was not deposed, the other parties may depose that person on providing 5 days' written notice if the witness was not identified in initial disclosures.

The Parties should agree they will not: (1) file a motion *in limine* without a reasonable basis; (2) cause a party to file a motion *in limine* due to an unreasonable refusal to consensually resolve an evidentiary issue; (3) unreasonably object to or fail to stipulate to the admissibility of a trial exhibit or the inclusion of a trial exhibit on the trial exhibit list; or (4) unreasonably fail to stipulate to any admitted or stipulated fact or any other matter in the final pretrial order. In the event of a breach of this paragraph, the non-breaching party should be entitled to recover their reasonable attorneys' fees and costs attributable to the breach.

SO ORDERED.

The Clerk of Court is respectfully directed to strike the August 11, 2020, Order (ECF 37).

Dated: August 12, 2020
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**